UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN E. PAYTON,                       )
                                      )
        Plaintiff,                    )
                                      )        CIVIL ACTION NO.
VS.                                   )
                                      )        3:08-CV-1967-G
GC SERVICES LIMITED                   )
PARTNERSHIP, ET AL.,                  )        **ECF**
                                      )
        Defendants.                   )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the *pro se* plaintiff John E. Payton ("Payton") to remand this action to a state district court from which it was previously removed. For the reasons set forth below, the motion is denied.

### I. BACKGROUND

Citibank (South Dakota), N.A. ("Citibank") hired GC Limited Partnership ("GC Services") to collect a debt allegedly owed to Citibank by Payton. Defendants GC Services, LP, Safeco Insurance Company of America, and Citibank (South Dakota), N.A.'s Notice of Removal ("Notice of Removal"), Exhibit A, Plaintiff's

Original Petition ("Petition") at 2. On or about May 27, 2008, GC Services contacted Payton about the debt. *Id*. In a letter dated June 3, 2008 to GC Services, Payton requested verification of the debt, as well as contact information of the original creditor, and instructed GC Service not to contact him at his place of business. *Id*. at 2-3. On June 11, 2008, GC Services called Payton at work in an effort to collect the debt. *Id*. at 3. In a letter dated June 11, 2008 to GC Services, Payton demanded that GC Services refrain from contacting Payton by telephone and again requested verification of the debt and information regarding the original creditor. *Id*. GC Services refused Payton's request. *Id*. Thereafter, Payton filed a claim against GC Services's third-party debt collector's bond. *Id*. The surety of the bond is Safeco Insurance Company of America ("Safeco"). *Id*. On August 8, 2008, Safeco denied Payton's claim. *Id*.

On October 10, 2008, Payton commenced this action in the Justice Court, Precinct Three, Place Two in Dallas County, Texas. Plaintiff's Objection to Defendants' Notice of Removal and Motion to Remand ("Motion") ¶ 1; *see also* Notice of Removal. Payton contends that Citibank violated Texas Finance Code § 392.306 ("§ 392.306"). Petition at 3. Payton alleges that Safeco also violated § 392.306, as well as Texas Insurance Code § 541.060. *Id*. Lastly, Payton avers that GC Services violated Texas Finance Code § 392.202, as well as provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* ("FDCPA").

On November 4, 2008, the defendants timely removed the case to this court on the basis of federal question jurisdiction, contending that federal jurisdiction is proper because Payton's asserts claims under the FDCPA, a federal statute, and because Payton seeks damages under that statute. *See* Notice of Removal ¶ 5. On November 10, 2008, Payton moved to remand the case to the state court, alleging, among other things, that because the FDCPA contains a provision allowing a plaintiff to bring a claim under that act in any "United States district court . . . or in any other court of competent jurisdiction . . .," jurisdiction is proper in the state court. *See* Motion ¶ 6 (quoting 15 U.S.C. § 1692k(d)). Payton additionally points the court to 28 U.S.C. § 1369(b) -- a jurisdictional provision concerning accidents involving the death of 75 or more natural persons -- as support for the proposition that the court should abstain from exercising subject matter jurisdiction in this case. Motion ¶¶ 8-10.

## II. ANALYSIS

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted).

Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Company*, 128 F.3d 919, 922 (5th Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988). Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934). The burden of establishing federal jurisdiction is on the party seeking removal. *Frank*, 128 F.3d at 921-22; *Willy*, 855 F.2d at 1164.

District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank*, 128 F.3d at 922. In determining whether a claim arises under federal law, the well-pleaded complaint rule allows a plaintiff to be the "master to decide what law he will rely upon" in pursuing his claims. *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 25 (1913); see also *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Aaron*, 876 F.2d at 1160-61. Where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir. 1995). Where, however, the plaintiff's well-pleaded complaint establishes that federal law creates the

cause of action, the case "arises under" federal law, conferring jurisdiction on the federal courts. See *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). Once the court "has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims, . . . even if it dismisses or otherwise disposes of the federal claim or claims." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (citing 28 U.S.C. § 1367).

Under 28 U.S.C. § 1441(c), "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Section 1441(c) must be narrowly construed because it was enacted to reduce the number of cases removable from state to federal court. *McKay v. Boyd Construction Co., Inc.*, 769 F.2d 1084, 1087 (5th Cir. 1985) (citing *Paxton v. Weaver*, 553 F.2d 936, 938 (5th Cir. 1977)). "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951). The alleged harm by the defendants to Payton arose from events which appear to be inseparable and interdependent. See *id*. at 14-16; *McKay*, 769 F.2d at 1087. *See also* 14A Wright, Miller, and Cooper, Federal Practice

and Procedure § 3724 at 368 (2d ed. 1985) ("It seems reasonable to conclude that claims involving common questions and stemming from the same transaction do not qualify as separate and independent claims or causes of action under the Supreme Court's formulation [in *Finn*]"). Thus, the defendants properly removed the case from state court.

Payton's contention that this court is bound here by the provision of 28 U.S.C. § 1369(b) is unavailing. Title 28 § 1369(a) authorizes a federal court's original jurisdiction in a "civil action involving minimal diversity between adverse parties that arises from a single accident, *where at least 75 natural persons have died in the accident* at a discrete location . . . ." *Id*. (emphasis added). Title 28 § 1369(b) "*assumes subject matter jurisdiction under § 1369(a)*, but abstains where the substantial majority of the plaintiffs and the primary defendants are citizens of the same state and the claims at issue are governed primarily by the laws of that State. It does not deprive federal courts of subject matter jurisdiction, but rather, acts as a limitation upon the exercise of jurisdiction granted in § 1369(a)." *Wallace v. Louisiana Citizens Property Insurance Corporation*, 444 F.3d 697, 701 (5th Cir. 2006) (emphasis added and internal quotations omitted). Thus, § 1369(b) -- which assumes as its predicate that jurisdiction is proper under § 1369(a) -- is inapplicable in the instant case.

and Procedure § 3724 at 368 (2d ed. 1985) ("It seems reasonable to conclude that claims involving common questions and stemming from the same transaction do not qualify as separate and independent claims or causes of action under the Supreme Court's formulation [in *Finn*]"). Thus, the defendants properly removed the case from state court.

Payton's contention that this court is bound here by the provision of 28 U.S.C. § 1369(b) is unavailing. Title 28 § 1369(a) authorizes a federal court's original jurisdiction in a "civil action involving minimal diversity between adverse parties that arises from a single accident, *where at least 75 natural persons have died in the accident* at a discrete location . . . ." *Id*. (emphasis added). Title 28 § 1369(b) "*assumes subject matter jurisdiction under § 1369(a)*, but abstains where the substantial majority of the plaintiffs and the primary defendants are citizens of the same state and the claims at issue are governed primarily by the laws of that State. It does not deprive federal courts of subject matter jurisdiction, but rather, acts as a limitation upon the exercise of jurisdiction granted in § 1369(a)." *Wallace v. Louisiana Citizens Property Insurance Corporation*, 444 F.3d 697, 701 (5th Cir. 2006) (emphasis added and internal quotations omitted). Thus, § 1369(b) -- which assumes as its predicate that jurisdiction is proper under § 1369(a) -- is inapplicable in the instant case.

## III. CONCLUSION

For the reasons stated above, Payton's motion to remand this case to the Justice Court, Precinct Two, Place Three in Dallas County, Texas is **DENIED**.

**SO ORDERED**.

February 2, 2009.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**